# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| AUGUSTINE LOPEZ, JAMIE LOPEZ | § | |
| | § | |
| v. | § | Civil Action No.  4:17-CV-00103 |
| | § | Judge Mazzant |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, GARY | § | |
| HARBISON | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Abstain and Remand (Dkt. #8).  Having considered the pleadings, the Court finds that the motion should be denied.

## BACKGROUND

On or about April 1, 2016, a severe storm hit the Denton County, Texas area, causing damage to Plaintiffs Augustine and Jaime Lopez's property.  Plaintiffs own a homeowners insurance policy issued by Defendant Allstate Vehicle and Property Insurance Company ("Allstate").  Shortly after the storm, Plaintiffs submitted a claim to Allstate against the policy for damage to their property.

Allstate assigned Defendant Gary Harbison ("Harbison") to adjust the claim.  On or about October 12, 2016, Harbison conducted an initial adjustment of the claim.  Harbison found that there was no damage from a covered peril to the property and noted that any damage occurred prior to the inception of the Allstate policy.  Plaintiffs allege that Allstate, through its agent, Harbison, conducted a substandard and improper inspection and adjustment of the property. Specifically, Plaintiffs allege that Harbison "had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment" and that "the disparity in the number of damaged items in [Harbison's] report compared to that of Plaintiffs' public adjuster's

is evidence of fraud on the part of Harbison."  Plaintiffs further argue that Harbison "had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible."  Plaintiffs state that Harbison made misrepresentations regarding the amount of damage Plaintiffs' property sustained and made misrepresentations during the inspection regarding why the policy would not cover certain damage.  Plaintiffs allege that Allstate failed to assess the claim thoroughly and failed to perform its contractual duties under the policy. Plaintiffs allege that the damage to their property is estimated at $30,646.73 and that they have not received any amount from Allstate for the damage.

On January 12, 2017, Plaintiffs filed suit against Allstate and Harbison in the 211th District Court, Denton County, Texas seeking damages that exceed $75,000 (Dkt. #8, Exhibit A). Plaintiffs brought claims against Allstate for breach of contract, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, and fraud.  Plaintiffs also brought claims against Harbison for violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, fraud, negligence, and gross negligence.

Plaintiffs are both citizens of the State of Texas.  Allstate is an Illinois corporation with its principal place of business in Illinois.  Harbison is a citizen of the State of Texas.  On February 13, 2017, Allstate removed the action to the Court asserting that the Court had diversity jurisdiction over the matter because Plaintiffs improperly joined Harbison to the case (Dkt. #1).

On February 21, 2017, Plaintiffs filed their Motion to Abstain and Remand (Dkt. #8).  On March 7, 2017, Allstate filed a response (Dkt. #11).  Plaintiffs did not file a reply.

## LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States which has original jurisdiction.  28 U.S.C. § 1441.  District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Weaver v. Zurich Am. Ins. Co.*, No. Civ. A. H–10–1813, 2010 WL 3910053, at *1 (S.D. Tex. Oct. 1, 2010).  The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand."  *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).  A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Groupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004).

"When assessing whether diversity jurisdiction exists, a court must disregard non-diverse citizenship of an improperly joined defendant."  *Doucet v. State Farm Fire and Cas. Co.*, No. 1:09–CV–142, 2009 WL 3157478, at *4 (E.D. Tex. Sept. 25, 2009) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004)).  A defendant who contends that a non-diverse party is improperly joined has a "heavy" burden of proof.  *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted).  "In making its determination, the court must ordinarily evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff."  *Green*, 707 F.2d at 205.

"The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Great Plains Trust*, 313 F.3d at 312 (quoting *Green*, 707 F.2d at 205). After the Court resolves all disputed questions of fact and all ambiguities in controlling state law in favor of the plaintiff, the Court determines whether the plaintiff has any possibility of recovery against the party whose joinder is questioned. *Id.* (citation omitted). If there is a reasonable basis for predicting that the state law might impose liability on the facts of the case, then there is no fraudulent joinder. *Id.* (citation omitted). This possibility must be reasonable and not just theoretical. *Id.*

A determination of improper joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). "[I]f a plaintiff can survive a Rule 12(b)(6)-type challenge, there is generally no improper joinder." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citation omitted); *Smallwood*, 385 F.3d at 573. The Court, however, must carefully distinguish an attack on the overall merits of the case from a showing that defendants were improperly joined in order to defeat diversity. *See Smallwood*, 385 F.3d at 573; *see also Gasch* 491 F.3d at 284.

Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Merely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant. *See Griggs v.*

4

*State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).  Merely asserting a laundry list of statutory violations without factual support as to how a non-diverse defendant violated the statute will not suffice.  *Doucet*, 2009 WL 3157478, at *5.  However, the joinder of an in-state, non-diverse defendant is proper as long as the plaintiff's petition contains factual allegations sufficient to render one of the statutory claims plausible.  *Escuadra v. Geovera Specialty Ins. Co.*, 739 F. Supp. 2d 967, 985 (E.D. Tex. 2010).

## ANALYSIS

A defendant alleging improper joinder has the heavy burden of demonstrating either (1) actual fraud in the pleading of jurisdictional facts or (2) the plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).  Under the second prong, which provides the relevant inquiry in this case, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict that the plaintiff might be able to recover against the in-state defendant.  *See Smallwood*, 385 F.3d at 573.  Therefore, the question for the Court is whether Allstate has shown that Plaintiffs have *no possibility* of establishing a valid cause of action against the non-diverse defendant, Harbison.

First, the Court must decide which standard to apply in the examination of Plaintiffs' state court petition. Although this Court has applied the federal pleading standard in addressing the question of improper joinder in past decisions, other courts have applied the lesser state court standard.  The Fifth Circuit recently clarified  that the federal pleading sufficiency standard applies to analyzing improper joinder. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208  (5th Cir. 2016).

Plaintiffs bring claims against Harbison for violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, fraud, negligence, and gross negligence. Plaintiffs have not alleged enough facts to state a claim to relief that is plausible on its face under any of these causes of action.

*Texas Insurance Code*

Allstate correctly asserts that, under Texas law, an insured may have a valid cause of action against an insurance adjuster under the proper circumstances, but only if sufficient facts exist, and are pleaded, involving allegedly harmful conduct by the adjuster toward Plaintiff.  Texas law does permit adjusters, like Harbison, to be held individually liable for violations of the Texas Insurance Code, Chapter 541. *See* Tex. Ins. Code § 541.002(2) (defining "person" to include "adjuster"); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544-45 (5th Cir. 2004).  But for an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage.

There are no such allegations in this case.  Plaintiffs' Original Petition alleges only that Allstate insured Plaintiffs, that a storm in April 2016 damaged Plaintiffs' insured property, that Plaintiffs submitted a claim for that damage to Allstate, and that Allstate utilized Harbison to investigate the claim.  Plaintiffs assert only boilerplate allegations that Harbison failed to thoroughly investigate the claim, made misrepresentations and omissions regarding the amount of damage and cost of repair, and conducted an outcome-oriented investigation.  No additional facts are alleged.  General allegations that Harbison's investigation caused Plaintiffs harm because it resulted in an underevaluation of the claims is not sufficient because there are no factual allegations of independent conduct on Harbison's part, which caused Plaintiffs any harm.

6

Plaintiffs cause of action under Texas Insurance Code, Chapter 542 likewise fails because Chapter 542 only applies to specifically listed "insurers," and Harbison, an adjuster, is not an insurer.  *See Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, No. 3:16-CV-1212-D, 2016 WL 5791550, at *4 (N.D. Tex. Oct. 4, 2016).

*Deceptive Trade Practices Act*

Plaintiffs have not alleged enough facts to state a claim to relief that is plausible on its face under the Texas Deceptive Trade Practices Act.  Plaintiffs only make boilerplate allegations that Harbison failed to "write up an estimate reflecting the proper repair of Plaintiffs' Property when liability [became] reasonably clear," that Harbison represented that his adjusting and investigative services had characteristics they did not possess, that his services were of a particular standard when they were of another, and that Harbison's actions were unconscionable.  Plaintiffs do not allege any specific, factual allegations that would state a plausible claim for a violation of the Texas Deceptive Trade Practices Act.

*Fraud and Negligence*

Plaintiffs vaguely allege that Harbison made fraudulent and negligent misrepresentations regarding the amount of damage to Plaintiffs' property and regarding why the policy would not cover certain damage.  However, Plaintiffs fail to specify a single alleged misrepresentation in either the Original Petition or Motion to Remand.  The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage.  General allegations that Harbison's investigation caused Plaintiffs harm because it resulted in an underevaluation of the claims is not sufficient because there are no factual allegations of independent conduct on Harbison's part, which caused Plaintiffs any harm.  Additionally, "Texas law does not recognize a cause of action

for negligent claims handling." *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 448 (5th Cir. 2011).  Plaintiffs thus fail to state a plausible claim of fraud or negligence.

### CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Abstain and Remand (Dkt. #8) is hereby **DENIED**, and Gary Harbison is hereby **DISMISSED**.

**SIGNED this 4th day of April, 2017.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE