# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| AUGUSTINE LOPEZ, JAMIE LOPEZ § <br> § <br> v. § <br> § <br> ALLSTATE VEHICLE AND PROPERTY § <br> INSURANCE COMPANY, GARY § <br> HARBISON § <br> § | Civil Action No.  4:17-CV-00103 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Allstate Vehicle and Property Insurance Company's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction and Rule 12(b)(6) Motion to Dismiss (Dkt. #9).  After reviewing the relevant pleadings and motion, the Court finds the motion should be denied.

### BACKGROUND

This suit arises from damage caused to Plaintiffs' property after a storm on or about April 1, 2016 in Denton County, Texas.  Plaintiffs own a homeowners insurance policy issued by Defendant Allstate Vehicle and Property Insurance Company ("Allstate").  Shortly after the storm, Plaintiffs submitted a claim to Allstate against the policy for damage to their property.  Plaintiffs allege that the damage to their property includes "roofing shingles and felt, drip edge, paint and seal of exterior fascia, step flashing, ridge caps, roof sheathing, valley lining, roof vent turbines, flashing, trim board, siding, exhaust caps, gutters, downspouts, and a/c condenser fins."

Allstate assigned Gary Harbison ("Harbison") to adjust the claim.  On or about October 12, 2016, Harbison conducted an initial adjustment of the claim.  Harbison found that there was no damage from a covered peril to the roof of the property and noted that any damage occurred

prior to the inception of the Allstate policy. Plaintiffs have not received any amount for the damage to their property.

On January 12, 2017, Plaintiffs filed suit against Allstate and Harbison in the 211th District Court, Denton County, Texas (Dkt. #8, Exhibit A). Plaintiffs brought claims against Allstate for breach of contract, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, and fraud. On February 13, 2017, Allstate removed the action to the Court asserting that the Court had diversity jurisdiction over the matter because Plaintiffs improperly joined Harbison to the case (Dkt. #1). On February 21, 2017, Plaintiffs filed their Motion to Abstain and Remand (Dkt. #8). The Court denied the Motion to Abstain and Remand on April 4, 2017.

On February 21, 2017, Allstate filed the pending motion to dismiss (Dkt. #9). Plaintiffs did not file a response.

**LEGAL STANDARD**

Allstate moves for dismissal under Rule 12(b)(1) for lack of standing. Standing is a required element of subject matter jurisdiction under Rule 12(b)(1). *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987). To have Article III standing, a plaintiff must show: (1) he has suffered a concrete and particularized injury that is actual or imminent; (2) the injury is "fairly traceable" to the defendant's actions; and (3) the injury will likely be redressed if he prevails in his lawsuit. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992). The party asserting jurisdiction bears the burden of proof on standing. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cit. 2001).

A Rule 12(b)(1) motion should be granted only if it appears beyond doubt that the plaintiff cannot prove a plausible set of facts in support of its claims. *Lane v. Halliburton*, 529 F.3d 548,

557 (5th Cir. 2008). The Court should accept all well-pleaded allegations in the complaint as true and view those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The Court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination on the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Ramming*, 281 F.3d at 161.

Allstate also moves for dismissal under Rule 12(b)(6). The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Allstate first argues that Plaintiffs' suit is not ripe for adjudication because Plaintiffs did not file a signed and sworn proof of loss ninety-one days before filing suit against Allstate. Although Plaintiffs did not respond, the Court finds that the proof of loss provision is only triggered by a dispute as to the amount of loss. Here, Allstate "concluded that the damage to Plaintiffs' property occurred prior to the inception of [the] Allstate policy." Allstate did not dispute the amount of loss, but found that there was no loss from a "covered peril."

> Plaintiffs' policy states:
>
> **Action Against Us**
> No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought . . . unless:
> a) There has been full compliance with all policy terms; and
> b) The action is commenced within two years and one day from the date the cause of action first accrues; and
> c) In the event that you and we fail to agree on the amount of loss claimed by you, unless you have previously provided to us a signed sworn proof of loss, it is a condition under this Action Against Us provision that no later than 91 days prior to commencing any action against us that we receive from you a signed sworn proof of loss . . . .

(Dkt. #9, Exhibit A at p. 11). In contract construction, the specific language controls over the general. *See G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 531–32 (Tex. 2015) (citing *Forbau v. Aetna Life Ins.*, 876 S.W.2d 132, 133–34 (Tex. 1994)). Here, the introductory paragraph applies to actions related to (1) the existence of coverage; (2) the amount of coverage; and (3) the amount of loss for which coverage is sought. Later, the proof of loss provision applies "[i]n the event that [the parties] fail to agree on the *amount of loss* claimed." This clearly addresses only the third circumstance mentioned in the introductory paragraph. Therefore, the proof of loss provision is only triggered by a dispute as to the amount of loss. Plaintiffs have alleged that Allstate failed to provide coverage at all, a condition addressed in the "Action Against Us" provision, but not the proof of loss clause. Thus, the proof of loss clause is not applicable to this dispute and Allstate's motion should be denied on this ground.

Allstate further argues that Plaintiffs' claims should be dismissed under Rule 12(b)(6) because filing a proof of loss was a condition precedent to maintain a lawsuit against Allstate. The Court has previously found that even if a proof of loss clause applied, Texas law would require this case to proceed. *See Polen v. Allstate Vehicle and Prop. Ins. Co.*, No. 4:16-cv-842 (E.D. Tex. February 17, 2017).

In the past, Texas courts considered a sworn proof of loss as a condition precedent to coverage. *Am. Teachers Life Ins. v. Brugette*, 728 S.W.2d 763, 764 (Tex. 1987). In the face of a verified denial of proof of loss, it was the plaintiff's burden to prove waiver or substantial compliance. *Id.* The issues of waiver or substantial compliance were fact issues to be determined by the jury. *See id.*

More recently however, the Texas Supreme Court has changed course and adopted a broad notice-prejudice rule. Under Texas's notice-prejudice rule, the insurer must be able to show prejudice caused by the insured's failure to comply with the contract regardless of whether the terms at issue is a covenant, condition precedent, exclusion, or provision. *E.g.*, *PAJ, Inc. v. Hanover Ins.*, 243 S.W.3d 630, 635 (Tex. 2008). In so holding, the Texas Supreme Court relied on two lines of reasoning.

First, "[c]onditions are not favored in the law." *Id.* at 636. Courts read provisions so as to avoid a forfeiture. *Id.* Reading the proof of loss clause to be a covenant rather than a condition requires Allstate to prove that Plaintiffs' noncompliance was a material breach, thus avoiding the harsh consequences of a condition.

Second, the proof of loss provision is not an essential part of the bargained for exchange in an occurrence based policy. An occurrence policy covers the insured for acts or omission that occur within the policy, regardless of whether the claim is brought to the attention of the insured or made known to the insurer during the policy period. *Matador Petroleum Corp. v. St. Paul Surplus Lines Ins.*, 174 F.3d 53, 658 n.2 (5th Cir. 1999). The policy here is an occurrence policy (Dkt. #9, Exhibit A at p. 37 ("The policy applies only to losses or occurrences that take place during the policy period.")). "Courts have not permitted insurance companies to deny coverage on

the basis of untimely notice under an 'occurrence' policy unless the company shows actual prejudice from the delay." *Matador*, 174 F.3d at 658.

"A showing of prejudice generally requires a showing that one of the recognized purposes has been impaired." *Blanton v. Vesta Lloyds Ins.*, 185 S.W.3d 607, 615 (Tex. App.—Dallas 2006, no pet.). The purpose of requiring a sworn proof of loss is to enable the insurer "to properly investigate the circumstances of the loss while the occurrence is fresh in the minds of witnesses, to prevent fraud, and to enable it to form an intelligent estimate of its rights and liabilities so that it may adequately prepare to defend any claim that may arise." *Hanover Ins. of N.Y. v. Hagler*, 532 S.W.2d 136, 138 (Tex. Civ. App.—Dallas 1975, writ ref'd n.r.e.). However, "an insurer must offer 'more than the mere fact that it cannot employ its normal procedures in investigating and evaluating the claim.'" *Hamilton Props. v. Am. Ins. Co.*, Civil Action No. 3:12-CV-5046-B, 2014 WL 3055801, at *9 (N.D. Tex. July 7, 2014) (quoting *Trumble Steel Erectors, Inc. v. Moss*, 304 F. App'x 236, 244 (5th Cir. 2008) (per curiam)). Based on the above reasoning, Allstate could not possibly be prejudiced by Plaintiffs' rush to the courthouse. By filing suit earlier than allowed in the proof of loss clause, Plaintiffs actually ensured that the occurrence is even more fresh in the minds of witnesses than it would be after a ninety-one day delay. In fact, Allstate received what would likely be a substantially compliant proof of loss in the form of Plaintiffs' civil complaint. All that Allstate lost out on was its expectation of a head-start to litigation via a proof of loss. This alone cannot establish prejudice for Allstate, and Allstate has not provided any other reasons that it was prejudiced. Therefore, the Court finds that Plaintiffs' noncompliance did not prejudice Allstate.

Having found that the proof of loss clause does not apply to coverage disputes, and that even if it did apply to the controversy before the Court, Allstate has not shown that it was prejudiced by Plaintiffs' failure to comply, the Court finds the motion should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant Allstate Vehicle and Property Insurance Company's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction and Rule 12(b)(6) Motion to Dismiss (Dkt. #9) is hereby **DENIED**.

**SIGNED this 4th day of April, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE